Dear Mr. McIntyre:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. An alderman for the Town of Independence is also Fire Chief for the Independence Volunteer Fire Department. This Fire Department is partly funded by the Town of Independence and by the Parish of Tangipahoa Fire Board since the district encompasses not only the Town of Independence but an area surrounding the Town from Natalbany to the Amite Fire District. You ask whether the Fire Chief in this instance violates the dual officeholding statute by holding the position of Alderman at the same time.
You recognize in Atty. Gen. Op. No. 87-650 that this office stated that a town councilman could not serve as Fire Chief. However, you feel the present case could be distinguishable inasmuch as the Fire Chief for the Town of Independence serves an area greater than the Town of Independence and the Parish pays a percentage of the cost.
We do not find the distinction changes the conclusion that an elected officer of a political subdivision cannot hold at the same time the appointed position of Town Fire Chief. A person holding elective office in a political subdivision cannot hold a full-time appointive office in a political subdivision of the state, R.S. 42:63(D). R.S. 42:62(2) defines "appointive office" as follows:
 * * * any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Full time is defined in R.S. 42:62(5) as at least seven hours per day of work and at least thirty-five hours per week of work.
Therefore, on the assumption that the position of Fire Chief is full-time, there is a prohibition against holding the full-time appointive position at the same time as the elected position of alderman for the town.
Although the Fire Chief may receive funds from the Parish, he is also funded by the town where he is alderman. In addition to the prohibition of dual officeholding in R.S. 42:63, there is the prohibition of incompatible offices in R.S. 42:64. Therein a prohibition exists against the incumbent of one office, who is charged with approving the budget of the other position, whether or not in conjunction with fellow officers, from holding the other position. We do not think a distinction exists in the prohibition when this is only approval of a portion of the budget for the circumstances exist which is obviously intended to be prohibited by the statute that the party controlling the funding is the same party receiving the funds.
Therefore, we must conclude that the town alderman cannot be the Fire Chief inasmuch as an elected officer cannot hold a full-time appointive position in a political subdivision of the state or hold a position that approves the budget of the other position.
We hope this sufficiently answers your question.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR